**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|                                          |     |                              |
| ---------------------------------------- | --- | ---------------------------- |
|                                          | §   |                              |
| DAVID EARL PHILLIPS,                      | §   |                              |
| Petitioner,                              | §   |                              |
| VS.                                      | §   | CIVIL ACTION NO. H-06-2495   |
|                                          | §   |                              |
| NATHANIEL QUARTERMAN,                     | §   |                              |
| Respondent.                              | §   |                              |

**MEMORANDUM ON DISMISSAL**

Petitioner David Earl Phillips seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 337th Judicial District Court of Harris County, Texas. Respondent filed a motion to dismiss the petition for writ of habeas corpus as time-barred. (Docket Entry No. 16). Respondent also filed copies of the state court record. The petitioner has filed his response. (Docket Entry No. 23).

After careful consideration of the motion, the record, and applicable authorities, the court grants respondent's motion. The reasons are stated below.

**I.      Background**

Phillips states that on February 12, 1990, he was convicted of burglary of a building and sentenced to seven years in prison. (Cause Number 538263). On April 9, 1998, Phillips attended a parole revocation hearing in Cause Number 538263.

According to the appellate court's factual summary, the State subpoenaed the complainant to testify at the parole revocation hearing. During the complainant's testimony, Phillips stood up, walked toward the complainant, and accused him of lying. Phillips then assaulted the complainant by striking him with his fists." *Phillips v. State*, No. 01-99-00494-CR, 2000 WL 964659 (Tex. App. - Houston [1st Dist.] July 13, 2000, no pet.).

A jury found Phillips guilty of the felony offense of retaliation in Cause Number 780082-A. On March 24, 1999, the court sentenced Phillips to thirty-five years imprisonment. The First Court of Appeals of Texas affirmed Phillips's conviction on July 13, 2000. Phillips did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Phillips filed an application for state habeas corpus relief on December 21, 2004, and the Texas Court of Criminal Appeals denied it without written order on findings of the trial court without a hearing on March 29, 2006. *Ex parte Phillips,* Application No. 41,365-04 at cover.[1]

On July 26, 2006, this court received Phillips's federal petition. The petition was filed when Phillips tendered it to the prison authorities for mailing to the district

---

[1]Phillips filed an application for state habeas corpus relief challenging his conviction in Cause Number 555413, and the Texas Court of Criminal Appeals denied it without written order on May 12, 1999. *Ex parte Phillips,* Application No. 41,365-02 at cover.

Phillips filed a petition for a writ of mandamus regarding his conviction in Cause Number 780082, and the Texas Court of Criminal Appeals denied it without written order on April 17, 2002. *Ex parte Phillips,* Application No. 41,365-03 at cover.

court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).  The court will presume that Phillips deposited his federal petition in the prison mail on the date he signed it, which is June 11, 2006. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Phillips contends that his conviction is void for the following reasons:

(1)     His conviction was illegally enhanced based on a prior conviction which was void;

(2)     His conviction was void based on a jurisdictional defect;

(3)     His conviction was based on a warrant that was void or invalid;

(4)     His conviction was obtained in violation of his right against self incrimination; and

(5)     His conviction resulted in a violation of his rights under the Double Jeopardy Clause.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 9-10).

Respondent argues that all of Phillips's claims are procedurally defaulted. Alternatively, respondent argues that Phillips's claims are barred by limitations. The court considers these arguments and Phillips's responses below.

## II.     The Procedurally-Barred Claims

Respondent argues that all of Phillips's claims are unexhausted and procedurally barred because Phillips did not raise them in his state application for a

writ of habeas corpus or in a petition for discretionary review.  As noted, Phillips did

not file a petition for discretionary review.  In his state application, Phillips raised the

following grounds:

(1)    Trial counsel rendered ineffective assistance by failing to investigate

Phillips's mental health problems;

(2)    Appellate counsel failed to mention that Phillips had mental health

problems in the appeal brief; and

(3)    Appellate counsel failed to develop the issue relating to an all-white jury

being empaneled.

*Ex parte Phillips,* Application No. 41,365-04 at 7-8.

A petitioner's procedural default precludes federal habeas corpus review "if the

last state court rendering a judgment in the case rests its judgment on the procedural

default." *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Boyd v. Scott*, 45 F.3d 876, 880

(5th Cir. 1994), *cert. denied*, 514 U.S. 1111 (1995).  The Supreme Court has held that

the exhaustion requirement only exists with respect to remedies available at the time

the federal petition is filed.  The exhaustion requirement is satisfied if such claims are

procedurally barred under state law.  *Gray v. Netherland,* 518 U.S. 152, 161 (1996).

Phillips did not raise federal claims in his state habeas petition.  Phillips is now

foreclosed from bringing these claims in a successive habeas petition because of

Texas's abuse of the writ doctrine. *Ex parte Carr,* 511 S.W.2d 523, 525-26 (Tex. Crim. App. 1974). A procedural rule that acts as a bar must be "firmly established and regularly followed." *Ford v. Georgia,* 498 U.S. 411, 423 (1991) (quoting *James v. Kentucky,* 466 U.S. 341, 348 (1984)). Texas strictly and regularly applied the abuse of the writ doctrine when Phillips filed his habeas petition. *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997); *see also Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995).

Because Phillips would be precluded from asserting his unexhausted claims in a successive habeas petition in Texas state court, this court need not dismiss this petition without prejudice to permit him to exhaust these claims. *Fuller v. Johnson,* 158 F.3d 903, 906 (5th Cir. 1998). In a case of procedural default, federal habeas review may be obtained only where a petitioner "can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris*, 489 U.S. at 262 (quoting *Murray v. Carrier,* 477 U.S. 478, 485 (1986) and *Engle v. Isaac*, 456 U.S. 107, 135 (1986)); *Jacobs v. Scott*, 31 F.3d 1319, 1328 (5th Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995).

Phillips has not shown cause, under the law, for his failure to raise these claims in his state application for habeas corpus relief or in a petition for discretionary

review. *Coleman*, 501 U.S. at 753.  Nor has Phillips demonstrated actual prejudice or that a "fundamental miscarriage of justice" will result from this court's failure to consider his unexhausted claims. *Harris*, 489 U.S. at 262.  Alternatively, the court finds, for the reasons discussed below, that even if Phillips's claims were not procedurally barred, they are barred by limitations.

## III.   The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.  The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Phillips's conviction became final when the time for filing a petition for discretionary review expired. The First Court of Appeals affirmed Phillips's conviction on July 13, 2000,[2] giving Phillips thirty days, or until August 12, 2000, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Phillips did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on August 12, 2001.

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on August 12, 2000. Phillips waited until December 21, 2004, before filing his state application. The Texas Court of Criminal Appeals denied Phillips's application on March 29, 2006. The limitations period ended on August 12, 2001, but Phillips waited until June 11, 2006 before filing his federal petition. Phillips's state

---

[2]      In calculating the limitations period, the respondent incorrectly noted that the First Court of Appeals affirmed Phillips's conviction on August 13, 2000. (Docket Entry No. 16, Respondent's Motion to Dismiss, p. 5).

application did not toll the limitations period because Phillips filed it after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Phillips contends that his mental disability should toll limitations and permit the filing of this suit. The Fifth Circuit has recognized that mental incompetency can support the equitable tolling of limitations. *See, e.g., Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232-33 (5th Cir. 1999). In *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999), the prisoner, Fisher, sought equitable tolling for the time that he spent in a prison psychiatric ward. On September 6, 1996, Fisher had been transferred to the psychiatric ward for evaluation and care after a violent episode. On the ward, Fisher was medicated, deprived of his glasses, which made him legally blind, and deprived of writing or legal materials. Fisher was returned to his regular facility on September 23, 1996. He filed his habeas suit seventeen days too late. The Fifth Circuit concluded that these facts did not warrant equitable tolling, explaining as follows:

> Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a pro se petitioner such as Fisher simply cannot pursue his legal rights during such a period. But a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling. The period during which Fisher could not work on his federal habeas petition, although outcome determinative here, is not a significant length of time. More importantly, he still had over six months to complete his federal habeas petition after his return to his usual quarters.

> If this event had occurred shortly before the required filing,
> Fisher would have a stronger case.   But considering it
> occurred at a time so remote to his deadline, and absent a
> showing that he diligently pursued his application the
> remainder of the time and still could not complete it on
> time, equity does not require tolling.

*Fisher*, 174 F.3d at 715-16.

In *Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001), Smith contested the district court's denial of his Fed. R. Civ. P. 60(b) motion for relief from the dismissal of his 28 U.S.C. § 2254 petition.  The district court denied Smith's § 2554 petition as time-barred.  Smith asserted that his mental incompetence prevented him from making a timely petition under § 2254, and therefore the limitation period should have been equitably tolled.  The Fifth Circuit affirmed the denial of Smith's Rule 60(b) motion. The Fifth Circuit explained that before a prisoner is entitled to equitable tolling he must sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights.  The Fifth Circuit found that Smith failed to allege facts sufficient to support his claim of mental incompetence.  He did not verify any of the documents in which he claimed incompetence, nor did he submit an affidavit.  As a consequence, Smith failed to demonstrate that he was entitled to a hearing regarding his equitable tolling argument.  Accordingly, the Fifth Circuit concluded that Smith was unable to prove that the district court abused its discretion when it decided not

to grant him relief under Rule 60(b)(1).

In *Brown v. Parkchester South Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002), the Second Circuit found that equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to a mental illness or condition. The court recognized that drawing these distinctions can be difficult as "mental illnesses are as varied as physical illnesses." *Cf. Canales v. Sullivan,* 936 F.2d 755, 759 (2d Cir. 1991) ("Where a claimant avers incapacity due to mental impairment during the [limitations] period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the [relevant] period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted."); *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)(denying equitable tolling, rejecting plaintiff's "conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.").

Phillips asserts that he has an IQ of 60 and a history of mental health problems. He states that he is illiterate and he suffers from schizophrenia and personality disorders. (Docket Entry 23, Petitioner's Response, pp. 19, 22). Phillips further states he suffers from schizoaffective disorder, psychopathic disorders, organic brain

damage, antisocial disorders, borderline intelligence, visual and auditory hallucinations, and abnormal sexual dysfunctional disorders. (Docket Entry No. 26).

Phillips offers mental health records showing that he was confined at the Skyview Unit, a psychiatric facility in the TDCJ-CID from July 16, 2002 to April 22, 2004. (Docket Entry No. 26-5, p. 1). The records show that Phillips has a long history of mental health treatment. Phillips was diagnosed with paranoid schizophrenia. The records reveal that Phillips was manipulative and became agitated when his immediate needs were not met. (*Id.* at 2). Although Phillips had an Axis I diagnosis of a schizoaffective disorder and received psychoactive medications, he did not present any overt signs of an Axis I Disorder. (*Id.*). The report concluded that Phillips was exhibiting some behaviors of an Axis I Disorder in an effort to obtain immediate gratification. (*Id.*).

Phillips's defense counsel, Eric S. Hagstette, submitted an affidavit during state habeas proceedings. Counsel testified as follows:

> I was appointed to represent Applicant sometime in mid-1998 after his previous attorney withdrew from representation.
>
> I quickly learned that Applicant is mentally ill. He has been treated and diagnosed as mentally ill on many occasions by many health professionals. I learned that Applicant had been found incompetent to stand trial in a number of prior cases. I also learned that prior counsel had requested a

competency examination of Applicant during his representation. The report indicated that Applicant was incompetent to stand trial at that time. As a result, Applicant was sent to Vernon State Hospital for treatment. Eventually, he was returned to Harris County Jail with a finding that he had regained his competency. Upon his return, a competency examination independent of MHMRA was requested by prior counsel. I was appointed during that time frame. The report from Dr. Fred Fason was that he agreed that Applicant had regained his competency to stand trial. I subsequently requested another competency examination by MHMR the result of which was an opinion that Applicant was competent. I was able to review the reports related to all these examinations and spoke to Dr. Fason by phone.

There was no question that Applicant was mentally ill during my representation and, also, was very difficult to work with. He was belligerent, argumentative, excitable and impatient. He showed, however, an ability to discuss his case with me. He discussed his mental illness and his prior treatment. He told me that he wanted to pursue an insanity defense in front of a jury, although he understood that sanity examinations had been requested in this case on at least one prior occasion and that he had been found Sane at the time of the offense charged. He was able to discuss the facts of the case with me and showed an understanding of the charge through his denial that he attacked the complainant in retaliation for being a *witness* against him in a parole hearing. I asked Applicant to give me reasons for the assault (which assault was recorded on audio tape) which I might be able to use in his defense. He provided me with a list of 11 reasons and, in discussions with Applicant, we came up with a 12th reason. The reasons were articulately stated even if some might not have been suitable for presentation as a defense to a jury. I still have that list. He was able to discuss whether to testify in the

12

case and the procedure to be used. In short, Applicant was very unpleasant to work with pre-trial, but he made clear that he knew what was happening in the case and was able to discuss the facts and procedure with me in a rational way.

In preparation for a possible insanity defense in the case, I identified various places where Applicant had been treated for mental illness. Eventually, I had hundreds, if not thousands, of pages of records from Vernon State Hospital, MHMRA, the Harris County Sheriff's Office and the Texas Department of Criminal Justice relating to Applicant's psychiatric treatment. I noted over and over throughout those records diagnoses of various psychiatric illnesses and conditions, but I also noted over and over opinions stated that Applicant was "malingering" and exaggerating his symptoms for secondary gain. The most recent records reflected the opinion of mental health professionals that Applicant was mentally ill, but now competent to stand trial. Based on my own observations, I could not disagree with them. My records reflect that I did request another exam out of caution, and that also found Applicant competent.

In trial, Applicant and I pursued an insanity defense. A great number of records related to Applicant's psychiatric conditions were introduced in evidence and are part of the record. As we prepared for trial, Applicant remained belligerent, but was very insistent about how and what defense he wanted presented and what arguments he wanted made. He also continued to express understanding of the allegations and evidence against him. As I recall, although this memory is somewhat hazy, his belligerence carried over into a hearing in front of the judge just before trial during which Applicant asked for new counsel. During jury selection, I specifically recall one juror expressing some fear of Applicant and saying she had made up her

13

mind already regarding guilt because of the Applicant's belligerent attitude. I have a vague recollection that the judge talked to Applicant outside the presence of the venire about how his attitude in court could prejudice him with a jury, but perhaps it was only I who had that discussion with him. After voir dire had concluded, and strikes were being made, I consulted with Applicant about strikes to be made. He was much calmer and discussed the strikes in rational terms.

As I recall, Applicant remained much calmer during trial itself. Nothing occurred that led me to believe that Applicant did not understand the proceedings, or to lead me to believe that he was incapable of discussing or understanding the case in a rational way. I have a recollection that Applicant wrote several notes to me during testimony indicating an understanding of what was happening. We also had several discussions during breaks which did not change my opinion. I have searched my file for those notes hoping that I might have saved some of them, but have been unable to find any. At the conclusion of trial, I spoke to Applicant who remained much calmer and clearly understood what had happened in the jury's verdict. I believe that he thanked me for my efforts in presenting his insanity defense.

In conclusion:

1. I observed nothing in trial regarding Applicant's behavior, or otherwise, which led me to believe he was incompetent although, clearly, he was mentally ill. See above for details.

2. Yes, I was made aware of Applicant's mental condition prior to trial, and assembled vast numbers of records documenting it. Of course, it caused me concern to the point that, to be safe, I requested an additional competency

examination early in my representation. See above for
details.

3. Yes, Applicant had sufficient ability to consult with me
with a reasonable degree of rational understanding and,
clearly, had a factual understanding of the proceedings
against him during trial. See above for details.

I can read and write the English Language and I have read
this statement, consisting of two pages, and I find it to be
true and correct to the best of my knowledge.

*Ex parte Phillips,* Application No. 41,365-04 at 33-34.

Phillips bears the burden of proving that his mental condition prevented him

from pursuing his legal rights. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.

2000); *see also Fisher*, 174 F.3d at 715.  As noted, Phillips asserts that he has an IQ

of 60, is illiterate, and has a history of mental illness.  He provides some

documentation of his mental health problems.  However, he provides nothing that

demonstrates that his mental state was such that he could not pursue his legal

remedies before the expiration of the one-year statute of limitations.  His conviction

became final in August 2000 and he had until August 2001 to timely file a federal

application for writ of habeas corpus.  However, he commenced no habeas challenge

to his conviction until 2004.

Phillips provides copies of the following letters that he sent or received during

the one-year limitations period:

(1)     In a letter dated March 12, 2001, Phillips wrote to the Central Records
        Department within the Harris County Sheriff's Department.  He requested
        information concerning his robbery conviction in Cause Number 582554.
        (Docket Entry No. 22-2, p. 8).

(2)     In a letter dated October 31, 2000, appellate counsel, Ted Dobler, responded
        to Phillips's request for a copy of the trial transcript.  (Docket Entry No. 22-3,
        p. 6).  Counsel explained that Phillips must pay for the transcript.

(3)     In a letter dated March 13, 2001, Phillips wrote to Charles Bacarisse, the
        District Clerk of Harris County.  Phillips asked for Mr. Bacarisse to search the
        county records from December 1, 1990 to July 1993 for references to David
        Earl Phillips.  Phillips requested all information relating to Phillips's arrest
        warrants; parole warrants; probable cause affidavits; police reports; witness
        statements; information pertaining to competency; and certificate of insanity
        issued by the Rusk State Mental Hospital.  (Docket Entry No. 26-3).

(4)     In a letter dated August 27, 2001, Phillips's defense attorney, Eric Hagstette,
        responded to Phillips's request for a copy of the trial transcript.  Counsel
        explained to Phillips that Phillips must pay for the transcript unless he
        qualified for a free transcript.  (Docket Entry No. 22-3, p. 3).

Mental health records were included with Phillips's criminal trial records. In a report dated January 31, 1991, Dr. Erwin L. Taboada indicated that Phillips may have completed the tenth grade. Phillips told a social worker that he had completed the tenth grade, but he did not learn. Dr. Taboada further stated that Phillips's intellectual functioning was in the borderline area. Dr. Taboada also noted that Phillips was nearly illiterate. (Clerk's Record in Cause Number 780082, Vol. VI, Defendant's Exhibit 1-A).

In a psychological evaluation by the Mental Health and Mental Retardation Adult Forensic Unit dated January 16, 1992, a unit psychologist noted that Phillips claimed to have a third-grade education, a seventh-grade education, or a tenth-grade education. The psychologist noted that Phillips read well enough to read aloud and follow directions for the Minnesota Multiphasic Personality Inventory 2 evaluation. He also wrote well enough to file grievances and requests for treatment in his own handwriting. (Clerk's Record in Cause Number 780082, Vol. VI, Defendant's Exhibit 1-B).

The contents of these letters and records suggest that Phillips was capable of seeking information relevant to his criminal conviction and competency. Phillips sent some of the described letters during the one-year limitations period from August 2000 to August 2001. Other letters were sent to Phillips in response to his inquiries.

The court presumes the responses were written within a few months after Phillips wrote the initial letter.

The record does not show that Phillips was so affected during the one-year limitations period from August 2000 to August 2001 that he was unable to pursue his habeas remedies in a timely fashion.  Phillips does not identify any specific period during which he could not work on his federal habeas petition or work with others providing assistance, or how his limitations prevented him from doing so.  Phillips does not identify the specific limits on his abilities keeping him from filing this suit between August 2000 and August 2001, that changed when he filed his state habeas suit in 2004.  Phillips has not shown in what specific respects he lacked the mental capacity to pursue his legal rights during the relevant period; he does not explain how he was able to do so later.

In *Nara v. Frank,* 264 F.3d 310, 319 (3rd Cir. 2001), the Third Circuit found that an evidentiary hearing was warranted in order to develop the record because the petitioner had presented evidence of ongoing, if not consecutive, periods of mental incompetency. Phillips has offered no such evidence of any periods of incompetence during the limitations period.  There is evidence that Phillips has a history of mental illness and that he was declared incompetent on at least one occasion before his trial in 1999.  Phillips also offers evidence that he was confined in a psychiatric facility

18

from July 2002 to April 2004. Phillips has supplied no proof that his mental impairment has drastically changed from the time of his trial in 1999 until he filed his state writ in December 2004. The mere fact that Phillips suffered with mental ailments before the entry of his conviction, and possibly thereafter, including the time of the one-year limitations period, is insufficient to show that any mental illness rendered him unable to pursue his legal rights during the relevant time period. Any alleged mental illness did not prevent Phillips from managing his legal affairs, and thus, from understanding his legal rights and acting upon them. Other than conclusory allegations in his response, (Docket Entry No. 23), there is nothing in the record to suggest that Phillips was incompetent during all or even a significant portion of the time he allowed to elapse before the limitations period expired. The records indicate that Phillips did not have the level of mental incompetence which is so "rare and exceptional" it merits equitable tolling. In *Fisher*, not only was Fisher mentally incapacitated, he was also placed in forced confinement where he had no access to legal materials or his eyeglasses, leaving him legally blind. *Fisher*, 174 F.3d at 715.

Even when a petitioner demonstrates "rare and exceptional circumstances" for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations. *See Fisher v. Johnson,* 174

F.3d 710, 715 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001). This court finds

that Phillips was not diligent in his pursuit of relief. After his conviction became

final in August 2000, he waited until 2004 to file his state application. He did not file

his federal petition until June 2006. Phillips has not established that he was diligent

in his pursuit of federal habeas relief, therefore he is not entitled to equitable tolling.

*See Coleman v. Johnson,* 184 F.3d 398, 401-02 (5th Cir. 1999).

Phillips complains that prison officials interfered with his ability to file state

and federal habeas corpus relief. He offers copies of grievance and disciplinary

records. Phillips has also provided the court with copies of letters: he sent to the state

habeas court; he sent Texas Board of Pardons and Paroles; he received from Inmate

Counsel for Offenders; he received from different attorneys; he sent seeking free

representation; he sent to the Office of the Inspector General; inmate request forms;

and letters he sent to federal court. (Docket Entry No. 22). Phillips does not explain

why he was able to file these various correspondence, but he was unable to file either

his state or federal petition sooner.

Phillips has not demonstrated that he diligently pursued either his state or

federal habeas corpus relief, warranting equitable tolling. His untimely filing is

ultimately the result of Phillips's failure to properly and timely prosecute his state

habeas corpus application and then this federal habeas corpus petition. Only after the

statute of limitations ran did Phillips decide to try to test the validity of his detention. Phillips's belated attempt to beat the deadline is the result of his own inexcusable delay. Consequently, Phillips has failed to meet his burden of showing that he is entitled to equitable tolling.

Phillips does not identify any other grounds for equitable tolling. The record does not disclose any basis to apply equitable tolling. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Phillips's delays in filing his state habeas applications mitigate against the application of the tolling doctrine. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Phillips argues he cannot be expected to know the law because he is proceeding pro se and he must rely on fellow inmates for assistance. (Docket Entry 23, Petitioner's Response, p. 22). Phillips may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).

Phillips's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Phillips does not satisfy any of the exceptions to the AEDPA statute of limitations.  The record does not indicate that any unconstitutional state action prevented Phillips from filing an application for federal habeas relief before the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  Phillips's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Phillips's claims relate to the trial that occurred on March 24, 1999.  Phillips has not shown that he did not know of the factual predicate of his claims earlier.   28 U.S.C. § 2244(d)(1)(D).  Phillips's federal petition is untimely.

## IV.   Phillips's Civil Rights Claims

Phillips has filed an emergency motion and  motion for temporary restraining order. (Docket Entry No. 32).  Phillips complains that prison officials at the Polunsky Unit are interfering with his legal mail; denying him access to the courts; threatening his life; using excessive force; and denying him medical care.  Phillips also complains of civil rights violations that occurred at the Darrington Unit, Michael Unit, and Skyview Unit.  (Docket Entry 23, Petitioner's Response, p. 17).

Federal courts have jurisdiction to entertain a writ of habeas corpus in behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A habeas petition is the proper vehicle to seek release from custody, not to challenge the conditions of confinement or prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). A writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987). Suits brought under 42 U.S.C. § 1983 are the proper vehicle to attack conditions of confinement and prison procedures. *See Carson*, 112 F.3d at 820; *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). If a petition combines habeas claims with section 1983 claims, and the claims can be separately treated, federal courts should do so. *Serio v. Members of La. St. Bd. of Pardons,* 821 F.2d 1112, 1119 (5th Cir. 1987).

The Fifth Circuit has recently reiterated that claims seeking to attack the fact or duration of confinement, as well as claims which are "so intertwined" with attacks on confinement that their success would "necessarily imply" revocation or modification of confinement, must be brought as habeas corpus petitions and not

under § 1983. *Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002)(citing *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir. 2002)). In *Martinez*, the Fifth Circuit found that a prisoner's request for DNA testing of evidence relevant to his prior conviction was "so intertwined" with the merits of the conviction as to require habeas corpus treatment.

Phillips's claims of denial of access to the court, retaliation, use of excessive force, conspiracy, and denial of medical care are not "so intertwined" with his attack on his confinement that their success would "necessarily imply" revocation or modification of confinement.  These claims should be brought under § 1983, not as habeas corpus petitions.  Assuming that he has not been sanctioned and is not otherwise barred from filing suit, he is free to bring such claims in a civil rights action filed under 42 U.S.C. § 1983.  Forms for filing a civil rights action are available in the law library of the Polunsky Unit where Phillips is confined.

Phillips's motion for temporary restraining order, (Docket Entry No. 32), construed as a motion to amend, is denied.

## V.    Conclusion

Respondent's Motion to Dismiss as Time-Barred, (Docket Entry No. 16), is GRANTED.  Phillips's petition for a writ of habeas corpus is DENIED.  This case is DISMISSED with prejudice.  Phillips's motion for temporary restraining order,

(Docket Entry Nos. 32-1 & 32-2), construed as a motion to amend, is denied. Phillips's motion for evidentiary hearing, (Docket Entry No. 17), is DENIED.    All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).    An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at

484).  Phillips has not made the necessary showing.  Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on ___July 25___, 2007.


_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE